United States Courts
Southern District of Texas
FILED

OCT 19 2017

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § | CRIMINAL NO. **17 CR 615** |
| vs. | | |
| KATHERYN E. CORBIN, Defendant. | | |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times material to the allegations set forth in this Indictment:

1. Defendant **KATHERYN E. CORBIN** was the girlfriend of RONALD BROWN, an unindicted co-conspirator and leader and manager of a drug trafficking organization that operated out of Houston, Texas, in the Southern District of Texas. The drug conspiracy led by BROWN distributed and trafficked large quantities of cocaine and marijuana from Houston, Texas to Atlanta, Georgia.

2. **CORBIN**, a resident of the State of Georgia, knew of BROWN's drug trafficking activities. On multiple occasions, **CORBIN** accompanied BROWN to pick up drug proceeds from BROWN's associates in Atlanta, Georgia.

3. On or about April 23, 2014, in Houston, Texas, BROWN and members of his organization utilized **CORBIN's** vehicle, a black 2013 Chevrolet Malibu, to commit kidnapping and attempted murder on E.W., an associate believed to have stolen two duffel bags filled with multiple kilograms of cocaine from BROWN. After the kidnapping and attempted murder, BROWN instructed his associates to abandon the Malibu. BROWN went into hiding, and the Malibu was subsequently destroyed by fire.

4. On or about May 7, 2014, BROWN instructed **CORBIN** to report the Malibu stolen.

5. On or about June 5, 2014, **CORBIN** filed a report of a stolen black 2013 Chevrolet Malibu with the Cobb County Police Department, located in the State of Georgia.

6. In or about November 2015, **CORBIN** was present in BROWN'S apartment in Atlanta when a fugitive task force arrested BROWN and seized approximately $370,000 in drug proceeds.

7. On or about May 21, 2016, while still incarcerated, BROWN purchased a home in Missouri City, Texas for $530,000 using a person known to the Grand Jury as a straw purchaser. BROWN provided over $300,000 in cash for the down payment. From on or about May 2 through May 18, 2016, BROWN instructed **CORBIN** and persons known to the Grand Jury to make multiple cash deposits to different Wells Fargo banks for payment of the Missouri City home.

## THE SCHEME AND ARTIFICE TO DEFRAUD

It was a part of the scheme and artifice to defraud that on or about April 23, 2014, BROWN, an unindicted co-conspirator, and **CORBIN** did devise a scheme and artifice to conceal evidence of a crime and defraud and obtain money from an insurance company, and for the purpose of executing and in furtherance of the scheme and artifice to defraud, did:

a. abandon a black 2013 Chevrolet Malibu subsequently destroyed by fire in Houston, Texas;

b. file a false stolen vehicle police report with the Cobb County Police Department, located in the State of Georgia; and

c. submit a fraudulent claim to Acceptance Insurance Company using an interstate wire or causing an interstate wire to be used for the purpose of collecting insurance proceeds.

## COUNT ONE

**Conspiracy to Commit Wire and Mail Fraud**
**18 U.S.C. § 1349**

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 7 of the Introduction and Scheme and Artifice to Defraud section of this indictment as though fully set forth herein.

2. Beginning on or about April 23, 2014, and continuing up to and including August 15, 2014, in the Southern District of Texas and elsewhere, the defendant, **KATHERYN E. CORBIN**, and persons known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree with each other to:

   - commit the offense of wire fraud, in violation of Title 18, United States Code, Section 1343, by causing to be delivered by facsimile for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and to obtain money from Acceptance Insurance Company, by means of materially and fraudulent pretenses, representations, and promises;

   - commit the offense of mail fraud, in violation of Title 18, United States Code, Section 1341, by causing to be placed in any post office or authorized depository for mail matter, a matter or thing to be sent and delivered by the U.S. Postal Service or any private or commercial interstate carrier, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and to obtain money from Acceptance Insurance Company, by means of materially and fraudulent pretenses, representations, and promises.

## Manner and Means of the Conspiracy

It was part of the conspiracy that:

3. Persons known and unknown to the Grand Jury abandoned the Malibu and it was destroyed by fire in Houston, Texas on or about April 23, 2014.

4. The defendant **CORBIN** did knowingly and willfully file a police report with the Cobb County Police Department containing false material representations and omissions.

5. The defendant **CORBIN** would use the facsimile to obtain the insurance proceeds from Acceptance Insurance Company regarding the black 2013 Chevy Malibu by means of false and fraudulent pretenses, representations, and promises.

## Overt Acts

6. In furtherance of said conspiracy, and in order to effect the object thereof, the defendant, **CORBIN**, and persons known and unknown to the Grand Jury committed at least one of the following overt acts in the Southern District of Texas and elsewhere:

   a. On or about April 23, 2014, BROWN, an unindicted co-conspirator, and persons known and unknown to the Grand Jury and **CORBIN** abandoned the black 2013 Chevy Malibu after it was used in the kidnapping and attempted murder of E.W. It was subsequently destroyed by fire.

   b. On or about May 7, 2014, BROWN instructed **CORBIN** to report the Malibu as stolen.

   c. On or about June 5, 2014, **CORBIN** filed a police report with the Cobb County Police Department falsely claiming that the Malibu was missing from the parking lot in which she parked it the previous night.

d. On or about June 21, 2014, **CORBIN** signed a notarized Acceptance Insurance Proof of Loss and Vehicle Theft Affidavit listing a person unknown to the Grand Jury as a witness to the theft and requesting a full payoff on the Malibu.

e. **CORBIN** faxed the Acceptance Insurance Proof of Loss and Vehicle Theft Affidavit and the police report from Georgia to the Acceptance Insurance Claims Department, in the State of Tennessee.

f. The Grand Jury alleges and incorporates by reference Count 2 as overt acts as if fully set forth herein.

All in violation of Title 18, United States Code Sections 1349, 1343, and 1341.

## COUNT TWO

### Wire Fraud
### 18 U.S.C. § 1343

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 7 of the Introduction and Scheme and Artifice to Defraud sections of this indictment as though fully set forth herein.

2. Between on or about April 23, 2014 and August 15, 2014, in the Southern District of Texas and elsewhere, the defendant

### KATHERYN E. CORBIN

aided and abetted by persons known and unknown to the Grand Jury, did knowingly devise, intend to devise, and participate in a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and material omissions, which scheme is set forth in the Scheme and Artifice to Defraud Section of this indictment, and for

the purpose of executing the scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses and representations did cause to be transmitted by means of a wire communication in interstate commerce certain signs, signals, and sounds, that is, caused a signed and notarized Acceptance Insurance Proof of Loss and Vehicle Theft Affidavit to be sent by facsimile from defendant, **KATHERYN E. CORBIN** to Acceptance Insurance Company in support of the fraudulent insurance claim.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

### Mail Fraud
### 18 U.S.C. § 1341

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 7 of the Introduction and Scheme and Artifice to Defraud sections of this indictment as though fully set forth herein.

2. Between on or about April 23, 2014 and August 15, 2014, in the Southern District of Texas and elsewhere, the defendant

### KATHERYN E. CORBIN

aided and abetted by persons known and unknown to the Grand Jury, did knowingly devise, intend to devise, and participate in a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and material omissions, which scheme is set forth in the Scheme and Artifice to Defraud Section of this indictment, and for the purpose of executing the scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses and representations did cause to be delivered through the United States

Mail or by any private or commercial interstate carrier, check number 217365 and check number 217366.

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FOUR

### Conspiracy to Launder Monetary Instruments
### 18 U.S.C. § 1956(h)

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 7 of the Introduction as though fully set forth herein.

2. Between on or about May 2 and May 17, 2016, in the Southern District of Texas and elsewhere,

### KATHERYN E. CORBIN

defendant herein, did knowingly combine, conspire, and agree with persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, cash deposits from illegal drug trafficking proceeds were deposited to a Wells Fargo bank account, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Title 31, United States Code, Section 5313, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, specifically illegal drug distribution and trafficking, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following structured deposits to Wells Fargo Bank Account XXXX9178:

| Transaction | Amount | Financial Institution |
|---|---|---|
| Cash Deposit | $9,500 | Wells Fargo on May 2, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 2, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 2, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 3, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 3, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 3, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 4, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 4, 2017 |
| Cash Deposit | $8,860 | Wells Fargo on May 5, 2017 |
| Cash Deposit | $8,680 | Wells Fargo on May 5, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 12, 2017 |
| Cash Deposit | $8,000 | Wells Fargo on May 12, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $8,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $7,000 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $7,000 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $5,000 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $8,000 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $7,980 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $6,000 | Wells Fargo on May 17, 2017 |
| Cash Deposit | $8,000 | Wells Fargo on May 17, 2017 |

In violation of Title 18, United States Code, Section 1956(h).

## COUNT FIVE

**Structuring**
**31 U.S.C. § 5324(a)(3)**

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 7 of the Introduction as though fully set forth herein.

2. Between on or about May 2 and May 17, 2016, in the Southern District of Texas and elsewhere, the defendant

**KATHERYN E. CORBIN**

aided and abetted by persons known and unknown to the Grand Jury, did knowingly and for the purpose of evading the currency transaction reporting requirement imposed upon financial institutions, structure, and assist in structuring her transactions with one or more domestic financial institutions by engaging in the following financial transactions to Wells Fargo Bank Account XXXX9178:

| Transaction | Amount | Financial Institution |
| --- | --- | --- |
| Cash Deposit | $9,500 | Wells Fargo on May 2, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 2, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 2, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 3, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 3, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 3, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 4, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 4, 2017 |
| Cash Deposit | $8,860 | Wells Fargo on May 5, 2017 |
| Cash Deposit | $8,680 | Wells Fargo on May 5, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 12, 2017 |

| | | |
|---|---|---|
| Cash Deposit | $8,000 | Wells Fargo on May 12, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $8,000 | Wells Fargo on May 13, 2017 |
| Cash Deposit | $7,000 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $7,000 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $5,000 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $8,000 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $7,980 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $9,000 | Wells Fargo on May 16, 2017 |
| Cash Deposit | $6,000 | Wells Fargo on May 17, 2017 |
| Cash Deposit | $8,000 | Wells Fargo on May 17, 2017 |

In violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2.

## NOTICE OF CRIMINAL FORFEITURE
(28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C))

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant,

### KATHERYN E. CORBIN

that in the event of conviction of the offenses charged in this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

### Money Judgment

The defendant is notified that upon conviction, a money judgment may be imposed equal to

the total value of the property subject to forfeiture, for which the defendant may be liable.

### Substitute Assets

The defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of the defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

_____
GRAND JURY FOREPERSON

ABE MARTINEZ
Acting United States Attorney

By: _____
Sebastian A. Edwards
Assistant United States Attorney
713-567-9503